**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** § § § | |
| Plaintiff, § § | |
| v. § | CIVIL ACTION NO. 4:19-cv-03638 |
| § **EFFEX MANAGEMENT SOLUTIONS, LLC D/B/A EFFEX** § § § | |
| Defendant. § | **JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT
OF THE
UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NATURE OF THE ACTION**

1.     This is an action under Title I of the Americans with Disabilities Act and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability, and to provide appropriate relief to Charging Party Nina Vasquez ("Vasquez" or "Charging Party"). As alleged with greater particularity in paragraphs 16-23 below, Defendant Effex Management Solutions, LLC d/b/a Effex has engaged in unlawful discrimination by terminating Charging Party because of her disability.

**JURISDICTION AND VENUE**

2.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as

1

amended, 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The unlawful employment practices alleged in this complaint were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division. Venue is appropriate in this Court.

## PARTIES

4. Plaintiff Equal Employment Opportunity Commission ("Plaintiff" or the "Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. At all relevant times, Effex Management Solutions, LLC (hereinafter "Defendant" or "Effex") has continuously been a Texas corporation doing business in the State of Texas, in the City of Houston, County of Harris, including at the address of 1302 Kingwood Dr., Kingwood, Texas 77339, and has continuously had, or during the relevant time period had, at least fifteen (15) employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 101(5) and (7) of the ADA, 42 U.S.C. §§ 12111(5) and (7).

7. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

8. Defendant's registered agent for service of process is Louis W. Flory, III, located at 7523 Kings River Ct., Humble, Texas 77346.

**ADMINISTRATIVE PROCEDURES**

9. More than thirty days prior to the institution of this lawsuit, Vasquez filed a charge of discrimination with the Commission alleging violations of the ADA by Defendant.

10. On May 16, 2019, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated. The Commission then invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

11. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

12. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

13. On August 16, 2019, the Commission issued to Defendant a Notice of Failure of Conciliation.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

**STATEMENT OF CLAIMS**

15. Respondent is a staffing company headquartered in Kingwood, Texas which claims to specialize in staffing large volume contingent workforce management.

16. Since at least April 2017, Defendant has engaged in unlawful employment practices on the basis of disability in violation of Section 102(a) of the ADA, 42 U.S.C. §§ 12112(a).

17. Vasquez began employment with Defendant as a Procurement Specialist on or about June 20, 2016.

18. In January 2017, Vasquez was diagnosed with a disability, Breast Cancer. As a result of her disability, she required leave for chemotherapy and other medical treatments, and she wore a bandana or scarf around her head to cover her related hair loss. The changes to her

appearance were apparent to all officers and employees of the company, some of whom reacted negatively and appeared to Vasquez to be disturbed by or disapproving of her appearance. She provided Respondent with medical documentation to support her requests for leave for medical appointments and treatment, including chemotherapy. Defendant initially granted intermittent leave. Vasquez remained able to fully perform her duties while she was in the office but needed only intermittent leave.

19. In April 2017, Vasquez contacted Defendant's Human Resources department to apply for leave under the Family & Medical Leave Act (FMLA) for her disability-related surgical procedure scheduled for June 2017. Vasquez was initially told she was ineligible for leave for her surgery because she had not met the 12-month length of service requirement of the FMLA; however, she would have been eligible for FMLA leave as of June 20, 2017.

20. On or about May 5, 2017, Defendant's President and CEO called Vasquez into a one-on-one meeting where he abruptly and unexpectedly terminated her employment one month prior to the date she would have become eligible for FMLA leave. Vasquez received no verbal or written counseling, warning or disciplinary action related to her job performance prior to her termination.

21. Vasquez is a qualified individual with a disability under Sections 3(1)(A) and 101(8) of the ADA, 42 U.S.C. §§ 12102(1)(A) and 12111(8), in that she has a physical impairment that substantially limits a major life activity or major bodily function. Vasquez's disability, Breast Cancer, is an impairment which substantially limits normal cell growth and may substantially limit additional major life activities. 29 C.F.R. §§ 1630.2(i) & (j)(3)(iii). Vasquez's Breast Cancer qualifies as a disability requiring an individualized assessment under the ADA. *Id*. at §§ 1630.2(g)(1)(i), (j)(3)(ii)-(iii) & 1630.9.

22. Defendant was aware of Vasquez's disability and her need for medical care related to her disability. Defendant was also aware that Vasquez's termination of employment could result in her losing her health insurance benefits which provided coverage for her Breast Cancer treatments.

23. Defendant subjected Vasquez to an adverse employment action, *i.e.*, termination, on the basis of disability by discharging her because of her actual disability in violation of the ADA, 42 U.S.C. §§ 12112(a) & (b)(1) & (5)(B), and any other applicable provision of the ADA.

24. The effect of these unlawful practices has been to deprive Vasquez of equal employment opportunities, and to otherwise adversely affect her employment status as an employee because of her disability within the meaning of the ADA.

25. As a result of Defendant's unlawful actions, Vasquez suffered pecuniary and non-pecuniary losses and damages. For example, in addition to her wages, Vasquez lost the value of her employment benefits, including medical insurance which covered treatments for her Breast Cancer.

26. The unlawful employment acts, omissions and practices complained of in paragraphs 16-24 above were intentional within the meaning of Section 706(g)(1) of Title VII, 42 U.S.C. § 2000e-5(g)(1), as incorporated by Section 107(a) of the ADA, 42 U.S.C. § 12117(a).

27. The unlawful employment practices complained of in paragraphs 16-23 above were done with malice or with reckless indifference to Vasquez's federally protected rights, within the meaning of Section 102(b)(1) of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b)(1).

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

      A.      Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in discrimination based on disability.

      B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

      C.      Order Defendant to make whole Nina Vasquez by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described in paragraphs 16-23 above, including, but not limited to, reinstatement of Nina Vasquez, where appropriate, or an award of front pay in an amount to be proved at trial if reinstatement is impractical.

      D.      Order Defendant to make whole Nina Vasquez by providing compensation for past and future pecuniary losses resulting from its unlawful employment practices described in paragraphs 16-23 above, including, but not limited to, the value of lost insurance benefits, job search expenses, and other out-of-pocket expenses in amounts to be determined at trial.

      E.      Order Defendant to make whole Nina Vasquez by providing compensation for past and future non-pecuniary losses resulting from its unlawful practices complained of in paragraphs 16-23 above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

      F.      Order Defendant to pay Nina Vasquez punitive damages for its malicious and reckless conduct, as described in paragraphs 16-23 above, in amounts to be determined at trial.

      G.      Grant such further relief as the Court deems necessary and proper in the public interest.

      H.      Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION

SHARON FAST GUSTAFSON
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
U.S. Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507

RUDY SUSTAITA
Regional Attorney
U.S. Equal Employment Opportunity Commission
1919 Smith Street, 6th floor
Houston, Texas 77002

 /s/ Connie W. Gatlin
CONNIE WILHITE GATLIN
Senior Trial Attorney
Attorney-in-Charge
Texas Bar No. 00792916
Southern Dist. of Texas No. 23624
U.S. Equal Employment Opportunity Commission
1919 Smith St., 6th Floor
Houston, Texas 77002
(713) 651-4976
(713) 651-7995 [facsimile]
connie.gatlin@eeoc.gov