# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, § § § *Plaintiff* § § | |
| v. § | Civil Action No. 4:19-cv-03638 |
| § § EFFEX MANAGEMENT SOLUTIONS, § LLC, § *Defendant* § | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Defendant Effex Management Solutions, LLC ("Defendant" or "Effex"), and files this its Answer to the Original Complaint filed by Plaintiff Equal Employment Opportunity Commission ("Plaintiff" or "EEOC"), and in support, would respectfully show as follows:

### NATURE OF THE ACTION

1. The introductory paragraph entitled "Nature of the Action" does not appear to require an answer. Out of an abundance of caution, and to the extent that an answer is required, Defendant admits that the EEOC has sued Effex for discrimination pursuant to the Americans with Disabilities Act ("ADA") and seeks damages on behalf of Nina Vasquez ('Vasquez") under the Civil Rights Act of 1991, though it denies that it has violated the ADA or any other statute or law in connection with employment decisions made with respect to Vasquez, or is otherwise liable for matters asserted in the Complaint.

### JURISDICTION AND VENUE

2. Defendant Admits that this Court has jurisdiction over this proceeding, but denies that it violated the ADA or any other statute or law in connection with any employment decision made with respect to Vasquez, or is otherwise liable for matters asserted in the Complaint.

3.     Defendant admits that venue is proper in the Southern District of Houston, but denies that it committed any unlawful employment practices with respect to Vasquez, or is otherwise liable for matters asserted in the Complaint.

## PARTIES

4.     Defendant admits that the EEOC is an agency of the United States of America responsible for enforcement of the ADA, and is authorized to bring actions pursuant to the ADA.

5.     Defendant admits the allegations if paragraph 5 of Plaintiff's Original Complaint.

6.     Defendant admits that it is an employer as defined by the ADA.

7.     Defendant admits that it is a covered entity under the ADA.

8.     Defendant admits the allegations in paragraph 8 of Plaintiff's Original Complaint.

## ADMINISTRATIVE PROCEDURES

9.     Defendant admits the allegations in paragraph 9 of Plaintiff's Original Complaint.

10.    Defendant admits that that the EEOC issued a Letter of Determination on May 16, 2019, but denies that it violated the ADA, or any other statute or law in connection with any employment decision made with respect to Vasquez, or is otherwise liable for matters asserted in the Complaint. Defendant admits that the EEOC informed Effex of its stated "invitation" to engage in conciliation efforts, but denies that the alleged "conciliation" process satisfied the requirements of the ADA.

11.    Defendant admits that the EEOC forwarded communications to Effex after the issuance of its Letter of Determination, but denies that the alleged "conciliation" process satisfied the requirements of the ADA. Defendant further denies that it engaged in any alleged discriminatory employment practices.

12. Defendant admits that the EEOC determined that conciliation was unsuccessful, but denies that the alleged "conciliation" process satisfied the requirements of the ADA.

13. Defendant admits the allegations in paragraph 13 of Plaintiff's Original Complaint.

14. Defendant denies the allegations in paragraph 14 of Plaintiff's Original Complaint.

## STATEMENT OF CLAIMS

15. Defendant admits that it is a staffing company with its principal place of business in Kingwood, Texas, and specializes in staffing large volume contingent workforce management.

16. Defendant denies the allegations in paragraph 16 of Plaintiff's Original Complaint.

17. Defendant admits the allegations in paragraph 17 of Plaintiff's Original Complaint.

18. Defendant lacks sufficient information to form a belief as to the truth of Plaintiff's allegation that Vasquez was diagnosed with breast cancer in January of 2017, and therefore denies the allegation. Defendant admits that Vasquez requested, and was granted leave to attend medical appointments, and that she provided some documentation relating to these requests. Defendant admits that Vasquez was granted leave as requested. Defendant denies the remaining allegations in paragraph 18 of Plaintiff's Original Complaint.

19. Defendant admits that Vasquez contacted Human Resources in April of 2017 regarding medical leave, and was advised that although she did not qualify for leave pursuant to the Family Medical Leave Act at that time, she would become eligible for such leave in June of 2017.

20. Defendant admits that Vasquez was informed of her termination by Effex's President in May of 2017, and that she was not eligible for leave pursuant to the Family Medical Leave Act at the time of her separation. Defendant denies the remainder of the allegations in paragraph 20 of Plaintiff's Original Complaint.

21. Defendant lacks sufficient information to form a belief as to the truth of Plaintiff's allegation that cancer substantially limits normal cell growth, and therefore, denies the allegation. Defendant denies the remainder of the allegations in paragraph 21 of Plaintiff's Original Complaint.

22. Defendant denies that the decisionmaker responsible for her termination was aware of Vasquez's medical condition and purported disability. Defendant denies the remainder of the allegations in paragraph 22 of Plaintiff's Original Complaint.

23. Defendant denies the allegations in paragraph 23 of Plaintiff's Original Complaint.

24. Defendant denies the allegations in paragraph 24 of Plaintiff's Original Complaint.

25. Defendant denies the allegations in paragraph 25 of Plaintiff's Original Complaint.

26. Defendant denies the allegations in paragraph 26 of Plaintiff's Original Complaint.

27. Defendant denies the allegations in paragraph 27 of Plaintiff's Original Complaint.

## PRAYER FOR RELIEF

28. The "prayer for relief" does not appear to require a response. Out of an abundance of caution, and to the extent that an answer is required, Defendant denies that it has violated the ADA or any other law in connection with employment decisions made with respect to Vasquez, or is otherwise liable for matters asserted in the Complaint. Defendant further denies that the EEOC or Vasquez is entitled to any of the relief for which Plaintiff prays in the Complaint.

## JURY TRIAL DEMAND

29. Defendant acknowledges that the EEOC has requested a trial by jury.

## SPECIFIC DENIALS AND AFFIRMATIVE DEFENSES

30. Defendant hereby states the following affirmative defenses to Plaintiff's Original Complaint but does not assume the burden of proof on any such defenses except as required by

applicable law with respect to the particular defense asserted. Defendant further reserves the right to assert other affirmative and additional defenses and/or otherwise to supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

31. Without waiving the foregoing, Defendant asserts that the Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

32. Without waiving the foregoing, the claims asserted in the Complaint are barred because the EEOC failed to engage in conciliation as required by the ADA.

33. Without waiving the foregoing, Defendant asserts that the Complaint fails to state facts sufficient to permit the awarding of damages and/or the relief sought.

34. Without waiving the foregoing, Defendant asserts that EEOC's claims are barred because Defendant's actions were based on legitimate, non-discriminatory reasons that had nothing to do with alleged disability, or any another other protected classification.

35. Without waiving the foregoing, Defendant asserts that Plaintiff's claims are barred to the extent that Vasquez failed to exhaust her administrative remedies.

36. Without waiving the foregoing, Defendant denies that Vasquez is a qualified individual with a disability as defined by the ADA.

37. Without waiving the foregoing, Defendant denies that Vasquez is capable of performing the essential functions of her position with or without a reasonable accommodation.

38. Without waiving the foregoing, Defendant denies that Vasquez is substantially limited in one or more major life functions.

39. Without waiving the foregoing, Defendant denies that Vasquez was subjected to discrimination because of an alleged actual disability, or in violation of any provision of the ADA.

40. Without waiving the foregoing, Defendant asserts that any action by any employee contrary to Defendant's good-faith efforts to comply with the ADA was in violation of its policies and procedures and was not within the course and scope of employment.

41. Without waiving the foregoing, and pleading solely in the alternative, even if any decision regarding Vasquez was based in part upon alleged disability or any other impermissible factor, which it was not, Defendant would have reached the same decision in any event.

42. Without waiving the foregoing, Defendant asserts that any after-acquired evidence of wrongdoing by Vasquez that would have resulted in the termination of her employment operates to bar relief, in whole or in part, for any alleged wrongdoing by Defendant in this case.

43. Without waiving the foregoing, to the extent that Vasquez has failed to mitigate her alleged damages, if any, such damages should be reduced because of that failure.

44. Without waiving the foregoing, Defendant contends that any and all damages claimed by Plaintiff are subject to all statutory exclusions and limitations.

45. Without waiving the foregoing, all interim earnings or amounts earned, or which could have been earned with reasonable diligence by Vasquez, should reduce the pay award, if any, which might otherwise be allowable.

46. Without waiving the foregoing, Defendant may not be held vicariously liable for punitive damages based on any alleged unlawful discrimination by its agents, if any are proven, because any such unlawful decisions were contrary to Defendant's policies and good-faith efforts to comply with the law.

47. Without waiving the foregoing, Defendant denies that Vasquez is entitled to recover exemplary or punitive damages.

48. Without waiving the foregoing, Defendant asserts that Plaintiff is barred from recovery of punitive damages in the absence of proving reckless indifference, gross negligence or malice by clear and convincing evidence.

49. Without waiving the foregoing, any claim for punitive damages is barred to the extent that punitive/exemplary damages would violate Defendant's rights and privileges under Constitution of the United States of America and the Constitution of the State of Texas.

50. Without waiving the foregoing, Defendant reserves the right to amend this Answer and assert additional defenses as necessary.

## CONCLUSION AND PRAYER

WHEREFORE, Defendant prays that it be released, discharged, and acquitted of the claims filed against it; that the EEOC take nothing by reason of this suit; that Defendant recover its costs of suit incurred herein, including reasonable attorney's fees, and for all other and further relief, to which Defendant may be justly entitled.

Dated: December 20, 2019

OF COUNSEL:
**LARIZA HEBERT**
Texas State Bar No. 24098287
Southern District ID No. 2944441
FISHER & PHILLIPS LLP
910 Louisiana, Suite 4000
Houston, Texas 77002
(713) 292-0150 Telephone
(713) 292-0151 Fax
lhebert@fisherphillips.com

Respectfully submitted,

*/s/ Pamela D. Williams*
**PAMELA D. WILLIAMS**
Texas State Bar No. 00784017
Southern District ID No. 26836
FISHER & PHILLIPS LLP
910 Louisiana, Suite 4000
Houston, Texas 77002
(713) 292-0150 Telephone
(713) 292-0151 Fax
pwilliams@fisherphillips.com

**CERTIFICATE OF SERVICE**

      I hereby certify that I have on this 20th day of December 2019, caused a true and correct copy of Defendant's Answer to Plaintiff's Original Complaint to be filed via the Court's CM/ECF, which provided notification upon Plaintiff, as follows:

CONNIE WILHITE GATLIN
SHARON FAST GUSTAFSON
JAMES LEE
RUDY SUSTAITA
U.S. Equal Employment Opportunity Commission
1919 Smith St., 6th Floor
Houston, Texas 77002

GWENDOLYN YOUNG REAMS
U.S. Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507

**PAMELA D. WILLIAMS**